UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Roger A. Beery,                                              Case No. 3:18-cv-2087

           Plaintiff

       v.                                                             MEMORANDUM OPINION
                                                                     AND ORDER

Commissioner of Social Security,

           Defendant

### I.    INTRODUCTION

Before me is the Report and Recommendation ("R&R") of Magistrate Judge David A. Ruiz. (Doc. No. 13). Judge Ruiz recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Roger A. Beery's application for Disability Insurance Benefits. (*Id.*). The Commissioner timely filed objections to the R&R, (Doc. No. 14), and Beery filed a response, (Doc. No. 15).

### II.    BACKGROUND

After reviewing the R & R, I hereby incorporate and adopt, in full, the "Procedural History," "Personal Background Information," and "Relevant Medical Evidence" sections set forth in the R & R, as there were no objections to these sections. (Doc. No. 13 at 1-6).

### III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing objections to the R & R, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

In the R & R, Judge Ruiz found the ALJ failed to consider the necessary factors when assigning no weight to the opinion of Herbert A. Grodner, M.D. (Doc. No. 13 at 15-17). Because of this legal error, Judge Ruiz concluded the ALJ's decision was not supported by substantial evidence and must be remanded. (*Id.* at 17).

The Commissioner objected to the recommendation to remand. (Doc. No. 14). The Commissioner does not dispute that the ALJ failed to apply the proper legal standard but contends this was a harmless error since the ALJ's decision incorporates Dr. Grodner's stated limitations. (*Id.* at 2-3). Specifically, the Commissioner asserts, "the ALJ adequately incorporated Dr. Grodner's opinions that Plaintiff 'required an ambulatory aid'; and 'would have difficulties with activities such as prolonged lifting, carrying, pushing, pulling and walking' into Plaintiff's RFC and the ALJ's hypothetical example to the VE." (*Id.* at 2 (quoting Doc. No. 9 at 1159)).

In response, Plaintiff repeatedly argues the Commissioner's objections should be overruled because the ALJ did not properly analyze Dr. Grodner's opinion and consider Dr. Grodner's findings. (Doc. No. 15). But as noted by the Commissioner, the legal error can be deemed

2

"harmless" "if the Commissioner … makes findings consistent with the opinion." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (further internal quotations and citation omitted).  Although Beery claims Dr. Grodner made additional findings which were not incorporated into the RFC, he points to nothing other than Dr. Grodner's assertion that Beery "would have difficulty performing basic work-related activities." (Doc. No. 15 at 2).  As found by the ALJ and Judge Ruiz, this is a finding reserved to the Commissioner.  (Doc. No. 9 at 246; Doc. No. 13 at 16).

On independent comparison, I can identify no finding of the ALJ which is inconsistent with Dr. Grodner's opinion.  The ALJ did not "disregard[ ] Dr. Grodner's entire report," as purported by Beery, (Doc. No. 15 at 5), but discussed Dr. Grodner's findings in Step Two of the analysis.  (Doc. No. 9 at 242).  Although the ALJ did fail to properly analyze the weight given to Dr. Grodner's opinion, the RFC accounts for all objective limitations opined by Dr. Grodner.  (*Compare* Doc. No. 9 at 246 *with id.* at 1159); *see also* 20 C.F.R. § 404.1567(a).  Therefore, I deem the ALJ's failure to apply the correct legal standards to be a "harmless error."

## V. CONCLUSION

For the foregoing reasons, I sustain the Commissioner's objection and reject the R & R's conclusion that this case must be remanded.  While the remainder of Judge Ruiz's R & R is adopted in full, I hereby affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge